1

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
3990 Old Town Avenue, Suite C204
San Diego, CA 92110
Telephone: (619)599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com

Attorneys for Plaintiff

*[Counsel Continued on Next Page]*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 15 2021

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

2

3

4

5

6

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## IN AND FOR THE COUNTY OF LOS ANGELES

9

10   ARTHUR GUTIERREZ, on behalf of
himself and on behalf of all persons similarly
11   situated,

12                    Plaintiffs,

13        v.

14   ANNING-JOHNSON COMPANY, a
Delaware Corporation; and DOES 1-50,
15   Inclusive,

16                    DEFENDANTS.

Case No: **21STCV22570**

**CLASS ACTION COMPLAINT FOR:**

1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;
2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*;
4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE §§226 and 226.2;
7) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.

**DEMAND FOR A JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

VIA FAX

1

**CLASS ACTION COMPLAINT**

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
3990 Old Town Avenue, Suite C204
San Diego, CA 92110
Telephone: (619)255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

Attorneys for Plaintiff

2

CLASS ACTION COMPLAINT

1       Plaintiff Arthur Gutierrez an individual, ("PLAINTIFF"), on behalf of himself and all other

2   similarly situated current and former employees, allege on information and belief, except for

3   their own acts and knowledge which are based on personal knowledge, the following:

4       **PRELIMINARY ALLEGATIONS**

5       1.   Defendant  ANNING-JOHNSON  COMPANY  ("DEFENDANTS"  or

6   "DEFENDANTS") is Corporation and at all relevant times mentioned herein conducted and

7   continues to conduct substantial and regular business throughout California.

8       2.   DEFENDANTS operate a construction business which provides services such as

9   metal decking, wall and ceiling systems, fireproofing, and roofing services to their clients

10  throughout California, including the Los Angeles, California location where PLAINTIFF

11  worked.

12      3.   PLAINTIFF was employed by DEFENDANTS in California as a non-exempt

13  employee entitled to minimum wages, overtime pay and meal and rest periods from 2011 to

14  January of 2021.

15      4.   PLAINTIFF brings this Class Action on behalf of himself and a California class,

16  defined as all individuals who are or previously were employed by Defendant Anning-Johnson

17  in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any

18  time during the period beginning four (4) years prior to the filing of the Complaint and ending

19  on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

20  controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

21  dollars ($5,000,000.00).

22      5.   PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

23  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

24  the CALIFORNIA CLASS PERIOD caused by DEFENDANTS' uniform policy and practice

25  which failed to lawfully compensate these employees for all their time worked.

26  DEFENDANTS' uniform policy and practice alleged herein is an unlawful, unfair and

27  deceptive business practice whereby DEFENDANTS retained and continues to retain wages due

28  to PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other

**CLASS ACTION COMPLAINT**

1   members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
2   DEFENDANTS in the future, relief for the named PLAINTIFF and the other members of the
3   CALIFORNIA CLASS who have been economically injured by DEFENDANTS' past and
4   current unlawful conduct, and all other appropriate legal and equitable relief.

5        6.    The true names and capacities, whether individual, corporate, subsidiary,
6   partnership, associate or otherwise of DEFENDANTS DOES 1 through 50, inclusive, are
7   presently unknown to PLAINTIFF who therefore sue these DEFENDANTS by such fictitious
8   names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this
9   Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they
10  are ascertained. PLAINTIFF is informed and believe, and based upon that information and
11  belief allege, that the DEFENDANTS named in this Complaint, including DOES 1 through 50,
12  inclusive, are responsible in some manner for one or more of the events and happenings that
13  proximately caused the injuries and damages hereinafter alleged.

14       7.    The agents, servants and/or employees of the DEFENDANTS and each of them
15  acting on behalf of the DEFENDANTS acted within the course and scope of his, her or its
16  authority as the agent, servant and/or employee of the DEFENDANTS, and personally
17  participated in the conduct alleged herein on behalf of the DEFENDANTS with respect to the
18  conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the
19  other DEFENDANTS and all DEFENDANTS are jointly and severally liable to PLAINTIFF
20  and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate
21  result of the conduct of the DEFENDANTS' agents, servants and/or employees.

22                      **THE CONDUCT**

23       8.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS
24  were required to pay PLAINTIFF and the CALIFORNIA CLASS Members for all their time
25  worked, meaning the time during which an employee is subject to the control of an employer,
26  including all the time the employee is suffered or permitted to work.  From time to time,
27  DEFENDANTS required PLAINTIFF and CALIFORNIA CLASS Members to work without
28  paying them for all the time they were under DEFENDANTS' control.  Specifically,

1  PLAINTIFF performed work before and after the beginning of his shift, spending time under
2  DEFENDANTS' control for which he was not compensated. For example, DEFENDANTS
3  from time to time required PLAINTIFF and other CALIFORNIA CLASS Members to submit to
4  Covid-19 screenings before they clocked in for their scheduled shifts. In order to ensure they
5  clocked in at their scheduled times, PLAINTIFF and other CALIFORNIA CLASS Members
6  were from time to time required by DEFENDANTS to show up for work between five to thirty
7  minutes early in order to submit to Covid-19 screenings. As a result, the PLAINTIFF and other
8  CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by
9  regularly working without their time being accurately recorded and without compensation at the
10 applicable minimum wage and overtime rates. DEFENDANTS' uniform policy and practice
11 not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is
12 evidenced by DEFENDANTS' business records.

13     9.    State law provides that employees must be paid overtime at one-and-one-half
14 times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were
15 compensated at an hourly rate plus incentive pay that was tied to specific elements of an
16 employee's performance.

17     10.   The second component of PLAINTIFF's and other CALIFORNIA CLASS
18 Members' compensation was DEFENDANT's non-discretionary incentive program that paid
19 PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their
20 performance for DEFENDANTS. The non-discretionary incentive program provided all
21 employees paid on an hourly basis with incentive compensation when the employees met the
22 various performance goals set by DEFENDANTS. However, when calculating the regular rate
23 of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,
24 DEFENDANTS failed to include the incentive compensation as part of the employees' "regular
25 rate of pay" for purposes of calculating overtime pay. Management and supervisors described
26 the incentive program to potential and new employees as part of the compensation package.
27 However, DEFENDANTS failed to include incentive compensation into the "regular rate of
28 pay" for purposes of calculating overtime pay. As a matter of law, the incentive compensation

5

CLASS ACTION COMPLAINT

1   received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the

2   "regular rate of pay." The failure to do so has resulted in a systematic underpayment of

3   overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by

4   DEFENDANTS.

5       11.   As a result of their rigorous work schedules, PLAINTIFF and other

6   CALIFORNIA CLASS Members were also from time to time unable to take off duty meal

7   breaks and were not fully relieved of duty for meal periods. Specifically, PLAINTIFF and

8   CALIFORNIA CLASS Members were from time to time interrupted during their off-duty meal

9   breaks to complete tasks for DEFENDANTS. PLAINTIFF and other CALIFORNIA CLASS

10  Members were required to perform work as ordered by DEFENDANTS for more than five (5)

11  hours during a shift without receiving an off-duty meal break. Further, DEFENDANTS failed to

12  provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period

13  each workday in which these employees were required by DEFENDANTS to work ten (10)

14  hours of work. DEFENDANTS' policy caused PLAINTIFF and other CALIFORNIA CLASS

15  Members to remain on-call and on-duty during what was supposed to be their off-duty meal

16  periods. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal

17  breaks without additional compensation and in accordance with DEFENDANTS' strict

18  corporate policy and practice.

19      12.   During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFF and

20  other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours

21  without being provided ten (10) minute rest periods. Further, these employees were denied their

22  first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4)

23  hours, a first and second rest period of at least ten (10) minutes for some shifts worked of

24  between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10)

25  minutes for some shifts worked of ten (10) hours or more. When they did have an opportunity to

26  take their rest breaks, PLAINTIFF and the CALIFORNIA CLASS Members were often

27  interrupted and required by DEFENDANTS to work during their rest breaks. When they did

28  have an opportunity to take their rest breaks, PLAINTIFF and the CALIFORNIA CLASS

1  Members were required to remain on the premises, on-duty and on-call, and subject to
2  DEFENDANTS' control in accordance with DEFENDANTS' policy. PLAINTIFF and other
3  CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.
4  DEFENDANTS' policy caused PLAINTIFF and other CALIFORNIA CLASS Members to
5  remain on-call and on-duty during what was supposed to be their off-duty rest periods. As a
6  result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members
7  were periodically denied their proper rest periods by DEFENDANTS and DEFENDANTS'
8  managers.

9      13.   Under California law, every employer shall pay to each employee, on the
10 established payday for the period involved, not less than the applicable minimum wage for all
11 hours worked in the payroll period, whether the remuneration is measured by time, piece,
12 commission, or otherwise. Hours worked is defined in the applicable Wage Order as "the time
13 during which an employee is subject to the control of an employer and includes all the time the
14 employee is suffered or permitted to work, whether or not required to do so." PLAINTIFF and
15 other CALIFORNIA CLASS Members were from time to time required to perform work for
16 DEFENDANTS before and after their scheduled shifts, as well as during their off-duty meal
17 breaks. DEFENDANTS failed to compensate PLAINTIFF and other CALIFORNIA CLASS
18 Members for any of the time spent under DEFENDANTS' control while working off-the-clock.
19 As such, DEFENDANTS failed to pay PLAINTIFF and other CALIFORNIA CLASS Members
20 the applicable minimum wage for all hours worked in a payroll period.

21     14.   In violation of the applicable sections of the California Labor Code and the
22 requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a
23 matter of company policy, practice and procedure, intentionally and knowingly failed to
24 compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for all time
25 worked. This uniform policy and practice of DEFENDANTS is intended to purposefully avoid
26 the payment of the correct compensation as required by California law which allowed
27 DEFENDANTS to illegally profit and gain an unfair advantage over competitors who complied
28 with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA

CLASS ACTION COMPLAINT

1   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
2   accordingly.

3       15.   From time to time, when PLAINTIFF and other CALIFORNIA CLASS
4   Members worked during what was supposed to be their meal breaks or otherwise off the clock,
5   DEFENDANTS also failed to provide PLAINTIFF and the other members of the
6   CALIFORNIA CLASS with complete and accurate wage statements which failed to show,
7   among other things, the correct time worked, including, work performed in excess of eight (8)
8   hours in a workday and/or forty (40) hours in any workweek, and the gross wages paid for those
9   periods during the pay period, and the correct penalty payments or missed meal and rest periods
10  in violation of California Labor Code Sections 226 and 226.2.

11      16.   California Labor Code Section 226 requires an employer to furnish its employees
12  an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
13  worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all
14  deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is
15  paid, (7) the name of the employee and only the last four digits of the employee's social security
16  number or an employee identification number other than a social security number, (8) the name
17  and address of the legal entity that is the employer and, (9) all applicable hourly rates in effect
18  during the pay period and the corresponding number of hours worked at each hourly rate by the
19  employee.

20      17.   Aside from the violations listed herein, DEFENDANTS failed to issue to
21  PLAINTIFF an itemized wage statement that lists all the requirements under California Labor
22  Code 226 *et seq*. From time to time DEFENDANTS violated California Labor Code Section
23  226(a)(2) by failing to provide an accurate amount of total hours worked by PLAINTIFF and
24  other members of the CALIFORNIA CLASS. Further, DEFENDANTS from time to time failed
25  to issue an itemized wage statement to PLAINTIFF and other members of the CALIFORNIA
26  CLASS that included the number hours worked and the applicable hourly rate. As a result, from
27  time to time DEFENDANTS provided PLAINTIFF and the other members of the
28  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

**CLASS ACTION COMPLAINT**

18.     DEFENDANTS as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANTS. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

19.     In the course of their employment, PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANTS to use their own personal cellular phones and personal vehicles as a result of and in furtherance of their job duties as employees for DEFENDANTS but were not reimbursed or indemnified by DEFENDANTS for the cost associated with the use of their personal cellular phones and personal vehicles for DEFENDANTS' benefit. Specifically, PLAINTIFFS and other CALIFORNIA CLASS Members were required by DEFENDANTS to use their personal cell phones and personal vehicles for work related issues. As a result, in the course of their employment with DEFENDANTS the PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones and personal vehicles all on behalf of and for the benefit of DEFENDANTS.

20.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANTS committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other

9

1   CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime hour

2   rates is the DEFENDANTS' burden.  As a result of DEFENDANTS' intentional disregard of

3   the obligation to meet this burden, DEFENDANTS failed to properly calculate and/or pay all

4   required overtime compensation for work performed by the members of the CALIFORNIA

5   CLASS and violated the California Labor Code and regulations promulgated thereunder as

6   herein alleged.

7          21.     Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to

8   take off duty meal and rest breaks and was not fully relieved of duty for his rest and meal

9   periods. PLAINTIFF was required to perform work as ordered by DEFENDANTS for more

10  than five (5) hours during a shift without receiving an off-duty meal break. Further,

11  DEFENDANTS failed to provide PLAINTIFF with a second off-duty meal period each

12  workday in which he was required by DEFENDANT to work ten (10) hours of work.  When

13  DEFENDANTS provided PLAINTIFF with a rest break, they required PLAINTIFF to remain

14  on the premises, on-duty and on-call, for the rest break. DEFENDANTS' policy caused

15  PLAINTIFF to remain on-call and on-duty during what was supposed to be his off-duty meal

16  periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation

17  and in accordance with DEFENDANTS' strict corporate policy and practice. Moreover,

18  DEFENDANTS also provided PLAINTIFF with a paystub that failed to accurately display

19  PLAINTIFF's correct time worked and wages, as well as payments for missed meal and rest

20  periods for certain pay periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANTS

21  have not fully paid PLAINTIFF the overtime compensation still owed to him or any penalty

22  wages owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF

23  individually does not exceed the sum or value of $75,000.

24                        <u>**JURISDICTION AND VENUE**</u>

25         22.     This Court has jurisdiction over this Action pursuant to California Code of Civil

26  Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

27  action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

28  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

**CLASS ACTION COMPLAINT**

23. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS (i) currently maintain and at all relevant times maintained offices and facilities in this County and/or conduct substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS

## THE CALIFORNIA CLASS

24. PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Defendant Anning-Johnson in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

25. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

26. DEFENDANTS, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANTS systematically failed to record all meal and rest breaks missed by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANTS enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

27. DEFENDANTS have the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately and was provided all meal and rest breaks missed as required by California laws. DEFENDANTS, however, as a matter of uniform and

1  systematic policy and procedure failed to have in place during the CALIFORNIA CLASS
2  PERIOD and still fails to have in place a policy or practice to ensure that each and every
3  CALIFORNIA CLASS Member is paid as required by law, so as to satisfy its burden. This
4  common business practice applicable to each and every CALIFORNIA CLASS Member can be
5  adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business &
6  Professions Code§§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not
7  elements of this claim.

8      28.   The CALIFONRIA CLASS is so numerous that joinder of all CALIFORNIA
9  CLASS Members is impracticable.

10     29.   DEFENDANTS uniformly violated the rights of the CALIFORNIA CLASS
11 under California law by:

12     a.  Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§
13         17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place
14         company policies, practices and procedures that failed to pay all wages due the
15         CALIFORNIA CLASS for all time worked;

16     b.  Committing an act of unfair competition in violation of the California Unfair
17         Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to
18         provide mandatory meal and/or rest breaks to PLAINTIFF and the
19         CALIFORNIA CLASS members;

20     c.  Committing an act of unfair competition in violation of the California Unfair
21         Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal.
22         Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA
23         CLASS members with necessary expenses incurred in the discharge of their job
24         duties; and

25     d.  Committing an act of unfair competition in violation of, Cal. Bus. & Prof. Code
26         §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place
27         company policies, practices and procedures that uniformly and systematically
28         failed to record and pay PLAINTIFF and other members of the CALIFORNIA

CLASS ACTION COMPLAINT

1    CLASS for all time worked, including minimum wages owed and overtime

2    wages owed for work performed by these employees.

3    30.    The Class Action meets the statutory prerequisites for the maintenance of a Class

4    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

5        a.   The persons who comprise the CALIFORNIA CLASS are so numerous that the

6             joinder of all such persons is impracticable and the disposition of their claims as

7             a class will benefit the parties and the Court;

8        b.   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

9             raised in this Complaint are common to the CALIFORNIA CLASS will apply

10            uniformly to every member of the CALIFORNIA CLASS;

11       c.   The claims of the representative PLAINTIFF are typical of the claims of each

12            member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members

13            of the CALIFORNIA CLASS, were classified as a non- exempt employee paid

14            on an hourly basis who was subjected to the DEFENDANTS' deceptive practice

15            and policy which failed to provide the legally required meal and rest periods to

16            the CALIFORNIA CLASS and thereby systematically underpaid compensation

17            to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic

18            injury as a result of DEFENDANTS' employment practices. PLAINTIFF, like all

19            the other members of the CALIFORNIA CLASS, were subjected to the uniform

20            employment practices of DEFENDANTS and was a non-exempt employee paid

21            on an hourly basis and paid additional non-discretionary incentive wages who

22            was subjected to the DEFENDANTS' practice and policy which failed to pay the

23            correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime

24            worked by the CALIFORNIA CLASS and thereby systematically under pays

25            overtime compensation to the CALIFORNIA CLASS. PLAINTIFF and the

26            members of the CALIFORNIA CLASS were and are similarly or identically

27            harmed by the same unlawful, deceptive, unfair and pervasive pattern of

28            misconduct engaged in by DEFENDANTS; and

13

**CLASS ACTION COMPLAINT**

d. The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

31. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

   i. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or;

   ii. Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

b. The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due for all time worked by the members of the CALIFORNIA CLASS as required by law;

   i. With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding

14

that the DEFENDANTS' policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

c. Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

   i. The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

   ii. Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

      1. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANTS; and/or;

      2. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

**CLASS ACTION COMPLAINT**

iii.  In the context of wage litigation, because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANTS, which may adversely affect an individual's job with DEFENDANTS or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and

iv.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

32.    The Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a.  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANTS' employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS.

b.  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c.  The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

d.  PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

CLASS ACTION COMPLAINT

e.  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

f.  There is a community of interest in ensuring that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

g.  DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

h.  The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANTS; and

i.  Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANTS as to the members of the CALIFORNIA CLASS.

33.  DEFENDANTS maintain records from which the Court can ascertain and identify by job title each of DEFENDANTS' employees who as have been systematically, intentionally and uniformly subjected to DEFENDANTS' company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

34.  PLAINTIFF further bring the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the original complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR

CLASS ACTION COMPLAINT

1    SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy

2    for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million

3    dollars ($5,000,000.00).

4         35.   DEFENDANTS, as a matter of company policy, practice and procedure, and in

5    violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

6    requirements, and the applicable provisions of California law, intentionally, knowingly, and

7    willfully, engaged in a practice whereby DEFENDANTS failed to correctly pay for the time

8    worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS,

9    and other wages and premiums owed to these employees, even though DEFENDANTS enjoyed

10   the benefit of this work, required employees to perform this work and permitted or suffered to

11   permit this overtime work. DEFENDANTS have uniformly denied these CALIFORNIA

12   LABOR SUB-CLASS Members wages to which these employees are entitled in order to

13   unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to

14   toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

15   CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

16        36.   DEFENDANTS maintain records from which the Court can ascertain and

17   identify by name and job title, each of DEFENDANTS' employees who have been

18   systematically, intentionally and uniformly subjected to DEFENDANT'S company policy,

19   practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint

20   to include any additional job titles of similarly situated employees when they have been

21   identified.

22        37.   The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

23   CALIFORNIA LABOR SUB-CLASS Members is impracticable

24        38.   Common questions of law and fact exist as to members of the CALIFORNIA

25   LABOR SUB-CLASS, including, but not limited, to the following:

26        a.   Whether DEFENDANTS unlawfully failed to correctly calculate and pay

27             compensation due to members of the CALIFORNIA LABOR SUB- CLASS for

28

18

**CLASS ACTION COMPLAINT**

missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

b.  Whether DEFENDANTS failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

c.  Whether DEFENDANTS failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

d.  Whether DEFENDANTS unlawfully failed to pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

e.  Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to compensation for time worked, including overtime worked, under the overtime pay requirements of California law;

f.  Whether DEFENDANTS have engaged in unfair competition by the above-listed conduct;

g.  The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and

h.  Whether DEFENDANTS' conduct was willful.

39.  DEFENDANTS violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

a.  Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to correctly pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194;

b.  Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS

CLASS ACTION COMPLAINT

1  the correct minimum wage pay for which DEFENDANTS are liable pursuant to

2  Cal. Lab. Code §§ 1194 and 1197;

3    c.  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

4  and the other members of the CALIFORNIA CLASS with all legally required

5  off-duty, uninterrupted thirty (30) minute meal breaks and the legally required

6  rest breaks;

7    d.  Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

8  members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized

9  statement in writing showing all accurate rates in effect during the pay period

10  and the corresponding amount of time worked at each overtime rate by the

11  employee;

12    e.  Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the

13  CALIFORNIA CLASS members with necessary expenses incurred in the

14  discharge of their job duties;

15    f.  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

16  employee is discharged or quits from employment, the employer must pay the

17  employee all wages due without abatement, by failing to tender full payment

18  and/or restitution of wages owed or in the manner required by California law to

19  the members of the CALIFORNIA LABOR SUB-CLASS who have terminated

20  their employment.

21    40.  This Class Action meets the statutory prerequisites for the maintenance of a

22  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

23    a.  The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

24  numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members

25  is impracticable and the disposition of their claims as a class will benefit the

26  parties and the Court;

27    b.  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

28  raised in this Complaint are common to the CALIFORNIA LABOR SUB-

CLASS ACTION COMPLAINT

1      CLASS and will apply uniformly to every member of the CALIFORNIA

2      LABOR SUB-CLASS;

3    c.  The claims of the representative PLAINTIFF are typical of the claims of each

4      member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the

5      other members of the CALIFORNIA LABORSUB-CLASS, was a non-exempt

6      employee paid on an hourly basis and paid additional non-discretionary incentive

7      wages who was subjected to the DEFENDANTS' practice and policy which

8      failed to pay the correct rate of overtime wages and total amount of wages due to

9      the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic

10     injury as a result of DEFENDANTS' employment practices. PLAINTIFF and the

11     members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

12     identically harmed by the same unlawful, deceptive, unfair and pervasive pattern

13     of misconduct engaged in by DEFENDANTS; and

14   d.  The representative PLAINTIFF will fairly and adequately represent and protect

15     the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained

16     counsel who are competent and experienced in Class Action litigation. There are

17     no material conflicts between the claims of the representative PLAINTIFF and

18     the members of the CALIFORNIA LABOR SUB-CLASS that would make class

19     certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS

20     will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS

21     Members.

22 41.  In addition to meeting the statutory prerequisites to a Class Action, this action is

23 properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

24   a.  Without class certification and determination of declaratory, injunctive, statutory

25     and other legal questions within the class format, prosecution of separate actions

26     by individual members of the CALIFORNIA LABOR SUB-CLASS will create

27     the risk of:

28

**CLASS ACTION COMPLAINT**

      i.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or

     ii.  Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

b.  The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

c.  Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

      i.  The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

CLASS ACTION COMPLAINT

ii. Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANTS; and/or,

2. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii. In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANTS, which may adversely affect an individual's job with DEFENDANTS or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

iv. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

42.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a. The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

**CLASS ACTION COMPLAINT**

b. A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c. The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

d. PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

e. There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

f. There is a community of interest in ensuring that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

g. DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

h. The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANTS. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and

i.     Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANTS as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES**

**(Cal. Bus. And Prof. Code §§ 17200, *et seq.*)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all DEFENDANTS)**

43.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

44.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

45.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

46.    By the conduct alleged herein, DEFENDANTS have engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 206.5, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1,

1198, and 2802 for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

47. By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

48. By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due, failed to accurately to record the time worked, and failed to reimburse for expenses due to a systematic practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

49. By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANTS.

50. By the conduct alleged herein, DEFENDANTS' practices were also unfair and deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

51. Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

CLASS ACTION COMPLAINT

1    for each workday in which a second off-duty meal period was not timely provided for each ten

2    (10) hours of work.

3        52.     PLAINTIFF further demands on behalf of himself and on behalf of each

4    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

5    was not timely provided as required by law.

6        53.     By and through the unlawful and unfair business practices described herein,

7    DEFENDANTS have obtained valuable property, money and services from PLAINTIFF and the

8    other members of the CALIFORNIA CLASS, including earned wages, and has deprived them

9    of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

10    employees and to the benefit of DEFENDANTS so as to allow DEFENDANT to unfairly

11    compete against competitors who comply with the law.

12        54.     All the acts described herein as violations of, among other things, the Industrial

13    Welfare Commission Wage Orders, the California Code of Regulations, and the California

14    Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

15    oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

16    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*.

17        55.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

18    and do, seek such relief as may be necessary to restore to them the money and property which

19    DEFENDANTS have acquired, or of which PLAINTIFF and the other members of the

20    CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

21    unfair business practices, including earned but unpaid wages.

22        56.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further

23    entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

24    and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from

25    engaging in any unlawful and unfair business practices in the future.

26        57.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

27    speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

28    of DEFENDANTS. Further, the practices herein alleged presently continue to occur unabated.

CLASS ACTION COMPLAINT

1   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the
2   other members of the CALIFORNIA CLASS have suffered and will continue to suffer
3   irreparable legal and economic harm unless DEFENDANTS are restrained from continuing to
4   engage in these unlawful and unfair business practices.

5   **SECOND CAUSE OF ACTION**

6   **FAILURE TO PAY MINIMUM WAGES**

7   **(Cal. Lab. Code §§ 1194, 1197 and 1197.1)**

8   **(Alleged By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS against ALL**

9   **DEFENDANTS)**

10      58.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
11   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
12   of this Complaint.

13      59.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
14   bring a claim for DEFENDANTS' willful and intentional violations of the California Labor
15   Code and the Industrial Welfare Commission requirements for DEFENDANTS' failure to
16   accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS
17   Members.

18      60.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
19   public policy, an employer must timely pay its employees for all hours worked.

20      61.   Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the
21   commission is the minimum wage to be paid to employees, and the payment of a wage less than
22   the minimum so fixed is unlawful.

23      62.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
24   including minimum wage compensation and interest thereon, together with the costs of suit.

25      63.   DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and
26   the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct
27   amount of time they work.  As set forth herein, DEFENDANT'S uniform policy and practice
28

**CLASS ACTION COMPLAINT**

1    was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

2    other members of the CALIFORNIA LABOR SUB-CLASS.

3          64.    DEFENDANTS' uniform pattern of unlawful wage and hour practices

4    manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a

5    whole, as a result of implementing a uniform policy and practice that denies accurate

6    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

7    CLASS in regards to minimum wage pay.

8          65.    In committing these violations of the California Labor Code, DEFENDANTS

9    inaccurately calculated the correct time worked and consequently underpaid the actual time

10   worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

11   DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other

12   benefits in violation of the California Labor Code, the Industrial Welfare Commission

13   requirements and other applicable laws and regulations.

14         66.    As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,

15   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

16   receive the correct minimum wage compensation for their time worked for DEFENDANTS.

17         67.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

18   other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked than

19   they were entitled to, constituting a failure to pay all earned wages.

20         68.    By virtue of DEFENDANTS' unlawful failure to accurately pay all earned

21   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22   CLASS for the true time they worked, PLAINTIFF and the other members of the

23   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

24   injury in amounts which are presently unknown to them and which will be ascertained

25   according to proof at trial.

26         69.    DEFENDANTS knew or should have known that PLAINTIFF and the other

27   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

28   worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross

CLASS ACTION COMPLAINT

1   nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

2   practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to

3   pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

4   correct minimum wages for their time worked.

5        70.   In performing the acts and practices herein alleged in violation of California labor

6   laws, and refusing to compensate members of the CALIFORNIA LABOR SUB-CLASS for all

7   time worked and provide them with requisite compensation, DEFENDANTS acted and

8   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

9   members of the CALIFORNIA LABOR SUB-CLASS with conscious and utter disregard for

10  their legal rights, or the consequences to them, and with the despicable intent of depriving them

11  of their property and legal rights, and otherwise causing them injury in order to increase

12  company profits at the expense of these employees.

13       71.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

14  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

15  well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided

16  by the California Labor Code and/or other applicable statutes.   To the extent minimum wage

17  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

18  who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§

19  201 and/or 202, and therefore these individuals are also entitled to waiting time penalties under

20  Cal. Lab. Code §203, which penalties are sought herein on behalf of these CALIFORNIA

21  LABOR SUB-CLASS Members.   DEFENDANTS' conduct as alleged herein was willful,

22  intentional and not in good faith.   Further, PLAINTIFF and other CALIFORNIA LABOR SUB-

23  CLASS Members are entitled to seek and recover statutory costs.

24

25

26

27

28  ///

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### (Cal. Lab. Code §§ 204, 510, 1194 and 1198)

### (Alleged By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS against ALL DEFENDANTS)

72.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

73.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANTS' failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANTS' failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

74.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

75.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amount specified by law.

76.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

77.    DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

**CLASS ACTION COMPLAINT**

1   amount of overtime worked and correct applicable overtime rate for the amount of overtime
2   they worked. As set forth herein, DEFENDANTS' uniform policy and practice was to
3   unlawfully and intentionally deny timely payment of wages due for the overtime worked by
4   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and
5   DEFENDANTS in fact failed to pay these employees the correct applicable overtime wages for
6   all overtime worked.

7          78.   DEFENDANTS' uniform pattern of unlawful wage and hour practices
8   manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a
9   whole, as a result of implementing a uniform policy and practice that denied accurate
10  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
11  CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a
12  workday and/or forty (40) hours in any workweek.

13         79.   In committing these violations of the California Labor Code, DEFENDANTS
14  inaccurately calculated the amount of overtime worked and the applicable overtime rates and
15  consequently underpaid the actual time worked by PLAINTIFF and other members of the
16  CALIFORNIA LABOR SUB-CLASS. DEFENDANTS acted in an illegal attempt to avoid the
17  payment of all earned wages, and other benefits in violation of the California Labor Code, the
18  Industrial Welfare Commission requirements and other applicable laws and regulations.

19         80.   As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,
20  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not
21  receive full compensation for all overtime worked.

22         81.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt
23  from the overtime requirements of the law. None of these exemptions are applicable to
24  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further
25  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject
26  to a valid collective bargaining agreement that would preclude the causes of action contained
27  herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the

28

32

CLASS ACTION COMPLAINT

1  CALIFORNIA LABOR SUB-CLASS based on DEFENDANTS' violations of non-negotiable,

2  non-waivable rights provided by the State of California.

3      82.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

4  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked than

5  they were entitled to, constituting a failure to pay all earned wages.

6      83.   DEFENDANTS failed to accurately pay PLAINTIFF and the other members of

7  the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was

8  in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

9  & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

10  CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed

11  to accurately record and pay using the applicable overtime rate as evidenced by

12  DEFENDANT'S business records and witnessed by employees.

13      84.   By virtue of DEFENDANTS' unlawful failure to accurately pay all earned

14  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

15  CLASS for the true time they worked, PLAINTIFF and the other members of the

16  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

17  injury in amounts which are presently unknown to them and which will be ascertained

18  according to proof at trial.

19      85.   DEFENDANTS knew or should have known that PLAINTIFF and the other

20  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

21  worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross

22  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

23  practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to

24  pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

25  applicable overtime rate.

26      86.   In performing the acts and practices herein alleged in violation of California labor

27  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

28  all time worked and provide them with the requisite overtime compensation, DEFENDANTS

CLASS ACTION COMPLAINT

1    acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

2    the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter

3    disregard for their legal rights, or the consequences to them, and with the despicable intent of

4    depriving them of their property and legal rights, and otherwise causing them injury in order to

5    increase company profits at the expense of these employees.

6         87.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

7    therefore request recovery of all unpaid wages, including overtime wages, according to proof,

8    interest, statutory costs, as well as the assessment of any statutory penalties against

9    DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable

10   statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

11   LABOR SUB-CLASS Members who have terminated their employment, DEFENDANTS'

12   conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be

13   entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein

14   on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANTS' conduct as

15   alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other

16   CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

17                            **FOURTH CAUSE OF ACTION**

18              **FAILURE TO PROVIDE REQUIRED MEAL PERIODS**

19                         **(Cal. Lab. Code §§ 226.7 & 512)**

20     **(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all**

21                                **DEFENDANTS)**

22        88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

23   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

24   paragraphs of this Complaint.

25        89.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all

26   the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR

27   SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature

28   of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS

                                        34

                            **CLASS ACTION COMPLAINT**

1    did not prevent these employees from being relieved of all of their duties for the legally required

2    off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other

3    CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by

4    DEFENDANTS for their meal periods. Additionally, DEFENDANTS' failure to provide

5    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal

6    breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANTS' business records.

7    As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS

8    therefore forfeited meal breaks without additional compensation and in accordance with

9    DEFENDANTS' strict corporate policy and practice.

10        90.    DEFENDANT further violated California Labor Code §§ 226.7 and the

11    applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR

12    SUB-CLASS Members who were not provided a meal period, in accordance with the applicable

13    Wage Order, one additional hour of compensation at each employee's regular rate of pay for

14    each workday that a meal period was not provided.

15        91.    As a proximate result of the aforementioned violations, PLAINTIFF and

16    CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to

17    proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

18                        **FIFTH CAUSE OF ACTION**

19              **FAILURE TO PROVIDE REQUIRED REST PERIODS**

20                   **(Cal. Lab. Code §§ 226.7 & 512)**

21    **(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all**

22                            **DEFENDANTS)**

23        92.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

24    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

25    paragraphs of this Complaint.

26        93.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

27    required to work in excess of four (4) hours without being provided ten (10) minute rest periods.

28    Further, these employees were denied their first rest periods of at least ten (10) minutes for some

---

35

**CLASS ACTION COMPLAINT**

1    shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten

2    (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second

3    and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or

4    more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not

5    provided with one hour wages in lieu thereof. As a result of their rigorous work schedules,

6    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically

7    denied their proper rest periods by DEFENDANTS and DEFENDANTS' managers. When

8    DEFENDANTS provided PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members

9    with rest break, they required PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

10   Members to stay on DEFENDANTS' premises for those rest breaks.

11        94.    DEFENDANTS further violated California Labor Code §§ 226.7 and the

12   applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR

13   SUB-CLASS Members who were not provided a rest period, in accordance with the applicable

14   Wage Order, one additional hour of compensation at each employee's regular rate of pay for

15   each workday that rest period was not provided.

16        95.    As a proximate result of the aforementioned violations, PLAINTIFF and

17   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to

18   proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

19                          <u>SIXTH CAUSE OF ACTION</u>

20              **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS**

21                      **(Cal. Lab. Code §§ 226 and 226.2)**

22   **(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all**

23                              **DEFENDANTS)**

24        96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

25   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

26   paragraphs of this Complaint.

27        97.    Cal. Labor Code § 226 provides that an employer must furnish employees with

28   an "accurate itemized" statement in writing showing:

**CLASS ACTION COMPLAINT**

a. Gross wages earned;

b. Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

c. The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

d. All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

e. Net wages earned;

f. The inclusive dates of the period for which the employee is paid;

g. The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement;

h. The name and address of the legal entity that is the employer; and

i. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

98. Cal. Labor Code § 226.2 provides that an employer must furnish piece-rate employees with an "accurate itemized" statement in writing showing:

a. The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and

b. The total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

99. When DEFENDANTS did not accurately record PLAINTIFF'S and other CALIFORNIA CLASS Members' wages, including overtime wages, owed, DEFENDANTS

37

1   also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with

2   complete and accurate wage statements which failed to show, among other things, the correct

3   overtime rate, the correct number of hours worked, missed meal and rest periods, owed to

4   PLAINTIFF and other CALIFORNIA CLASS Members. Cal. Lab. Code § 226 provides that

5   every employer shall furnish each of his or her employees with an accurate itemized wage

6   statement in writing showing, among other things, gross wages earned and all applicable hourly

7   rates in effect during the pay period and the corresponding amount of time worked at each

8   hourly rate. Aside from the violations listed above in this paragraph, DEFENDANTS failed to

9   issue to PLAINTIFF an itemized wage statement that lists all the requirements under California

10  Labor Code 226 *et seq*. From time to time DEFENDANTS violated California Labor Code

11  Section 226(a)(2) by failing to provide an accurate amount of total hours worked by

12  PLAINTIFF and other members of the CALIFORNIA CLASS. Further, DEFENDANTS from

13  time to time failed to issue an itemized wage statement to PLAINTIFF and other members of

14  the CALIFORNIA CLASS that included the total hours worked at the applicable hourly rate. As

15  a result, from time to time DEFENDANTS provided PLAINTIFF and the other members of the

16  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

17      100.   DEFENDANTS knowingly and intentionally failed to comply with Cal. Labor

18  Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

19  CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

20  expended calculating the correct rates for the overtime worked and the amount of employment

21  taxes which were not properly paid to state and federal tax authorities. These damages are

22  difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA

23  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

24  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

25  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

26  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

27  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

28

CLASS ACTION COMPLAINT

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRES EXPENSES**

**(Cal. Lab. Code §§ 2802)**

**(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all**

**DEFENDANTS)**

101.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

102.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

103.    At all relevant times herein, DEFENDANTS violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones and personal vehicles all on behalf of and for the benefit of DEFENDANTS. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANTS to use their personal cell phones and personal vehicles for work related issues. DEFENDANTS' uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and personal vehicles for DEFENDANTS within the course and scope of their employment for DEFENDANTS. These expenses were necessary to complete their principal job duties. DEFENDANTS is estopped by DEFENDANTS' conduct to

1  assert any waiver of this expectation. Although these expenses were necessary expenses
2  incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members,
3  DEFENDANTS failed to indemnify and reimburse PLAINTIFFS and the CALIFORNIA
4  LABOR SUB-CLASS members for these expenses as an employer is required to do under the
5  laws and regulations of California.

6      104.   PLAINTIFF therefore demands reimbursement for expenditures or losses
7  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of
8  their job duties for DEFENDANTS, or their obedience to the directions of DEFENDANTS,
9  with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

10                     **EIGHTH CAUSE OF ACTION**
11                 **FAILURE TO PAY WAGES WHEN DUE**
12                   **(Cal. Lab. Code §§201, 202, 203)**
13  **(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all**
14                          **DEFENDANTS)**

15      105.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
16  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
17  paragraphs of this Complaint.

18      106.   Cal. Lab. Code § 200 provides that:
19

20      As used in this article:(a) "Wages" includes all amounts for labor performed by
21      employees of every description, whether the amount is fixed or ascertained by the
22      standard of time, task, piece, Commission basis, or other method of calculation.
23      (b) "Labor" includes labor, work, or service whether rendered or performed under
24      contract, subcontract, partnership, station plan, or other agreement if the labor to
25      be paid for is performed personally by the person demanding payment.

26      107.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges
27  an employee, the wages earned and unpaid at the time of discharge are due and payable
28  immediately."

---
40

**CLASS ACTION COMPLAINT**

108.   Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her
> employment, his or her wages shall become due and payable not later than 72
> hours thereafter, unless the employee has given 72 hours previous notice of his or
> her intention to quit, in which case the employee is entitled to his or her wages at
> the time of quitting. Notwithstanding any other provision of law, an employee
> who quits without providing a 72-hour notice shall be entitled to receive payment
> by mail if he or she so requests and designates a mailing address. The date of the
> mailing shall constitute the date of payment for purposes of the requirement to
> provide payment within 72 hours of the notice of quitting.

109.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR
SUB-CLASS Members' employment contract.

110.   Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in
> accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
> who is discharged or who quits, the wages of the employee shall continue as a
> penalty from the due date thereof at the same rate until paid or until an action
> therefor is commenced; but the wages shall not continue for more than 30 days.

111.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-
CLASS Members terminated and DEFENDANTS have not tendered payment of wages, to these
employees who missed meal and rest breaks, as required by law.

112.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the
members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF
demands up to thirty days of pay as penalty for not paying all wages due at time of termination
for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

CLASS ACTION COMPLAINT