**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar # 290572)
3990 Old Town Avenue, Suite C204
San Diego, CA 92110
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
3990 Old Town Avenue, Suite C204
San Diego, CA 92110
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

Attorneys for Plaintiff ARTHUR GUTIERREZ

## UNITED STATES DISCTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GUTIERREZ, on behalf of himself and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ANNING-JOHNSON COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No: 2:21-cv-06117-JAK-RAO<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>**Date**: November 29, 2021<br>**Time**: 8:30 a.m.<br>**Judge**: Hon. John A. Kronstadt<br><br>Action Filed: June 11, 2021<br>Removed: July 29, 2021 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS:

I.  INTRODUCTION……………………………………………….....1

II. STATEMENT OF FACTS………………………………………...2

   A. Collective Bargaining Agreement Effective July 1, 2014 to June 30, 2017 ("CBA I") ……………………………………………...2

   B. Collective Bargaining Agreement Effective July 1, 2017 to June 30, 2020 ("CBA II")……………………………………………..3

   C. May 6, 2021 *Amendment* to July 1, 2017 to June 30, 2020 Collective Bargaining Agreement ("May 6, 2021 Amendment to CBA II")…...3

III. ARGUMENT………………………………………………...3

   A. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED……………………………………………….3

     1. Plaintiff's Claims Are Not Preempted By Section 301 If The LMRA…………………………………………...3

       a. Plaintiff's Claims Are Predicated On Violations Of State Law…………………………………...4

       b. Plaintiff's Claims Do Not Require an Interpretation of CBA I, CBA II, or May 6, 2021 Amendment to CBA II……………….................................5

         i. Plaintiff's Overtime Claim Does Not Require Interpretation of CBA I, CBA II, or May 6, 2021 Amendment to CBA II………………...7

         ii. Plaintiff's Other Claims Do Not Require Interpretations of CBA I, CBA II, or May 6, 2021 Amendment to CBA II………………...9

   B. DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS SHOULD BE DENIED……...………10

1. Defendant's Purported Arbitration Agreement is Unenforceable Pursuant to the Federal Arbitration Act…10

2. The Language of Defendant's May 6, 2021 Amendment to CBA II Does Not Apply Retroactively…………………..13

3. Defendant's May 6, 2021 Amendment to CBA II Does Not "Clearly and Unmistakably" Waive Plaintiff's Right to Bring California State Law Claims in a Judicial Forum…15

4. No Requirement to Exhause the Grievance Procedure Applies to Plaintiff's Claims……………………………20

IV.   CONCLUSION………………………………………………………..21

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

**Table of Authorities**

**Cases**

*Alaska Airlines, Inc. v. Schurke,*
898 F.3d 904, 921, 922, 927 (9th Cir 2018) ………………………..………...5-7

*Andrade v. Rehrig Pac. Co.,*
2020 U.S. Dist. LEXIS 71005, *6 and *18 (C.D. Cal. 2020)……………………6

*Avery v. Integrated Healthcare Holdings, Inc.,*
218 Cal. App. 4th 50, 55-6, 59, 72 (2013)…… ………………………………13-15

*Burnside v. Kiewitt Pac. Corp.,*
491 F.3d 1053 (9th Cir. 2007)………………………………………………….4

*Chamber of Commerce of United States v. Bonta,*
2021 WL 4187860 *2 (9th Cir. 2021)……………………………………..……12

*Choate v. Celite Corp.,*
215 Cal. App. 4th 1460, 1467 (2013)…………………………………………17

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.,*
207 F.3d 1126, 1130 (9th Cir. 2000)…………………………………………10

*Cobb v. Ironwood Country Club,*
233 Cal.App.4th 960, 964, 967-8 (2015)…………………………..………14-15

*Cox v. Ocean View Hotel Corp.,*
533 F.3d 1114, 1119 (9th Cir. 2008)……………………………………….....1

*Cramer v. Consol. Freightways, Inc.,*
255 F.3d 683, 691-92 (9th Cir. 2001), cert. denied, 534 U.S. 1078 (2002)……..6

*Davis v. Nordstrom, Inc.,*
755 F.3d 1089, 1092 (9th Cir. 2014)…………………………………………13

*Espinal v. Nw. Airlines,*
90 F.3d 1452, 1456 (9th Cir. 1996)……………………………………………4

*First Options of Chi, Inc. v. Kaplan,*
514 U.S. 938, 944 (1995)………………………………………………………13

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,*
463 U.S. 1, 23 (1983)…………………………………………………………4

*Franco v. Greystone Ridge Condominium,*
39 Cal. App. 5th 221, 229……………………………………………………15

*Flournoy v. Watts Healthcare Corp.,*
2020 U.S. Dist. LEXIS 187356 at *10………………………………………..5

*Hawaiian Airline v. Norris,*
512 U.S. 246,258 (1994)………………………………………………………5

iv

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
832 F.3d 1024, 1033 (9th Cir. 2016)……………………………………………9

*Lingle v. Norge Div. of Magic Chef Inc.*,
486 U.S. 399 at 413 n.12 (1988)……………………………………………6

*Livadas v. Bradshaw*,
512 U.S. 107, 121, 124 (1994)……………………………………...…5-6

*Loaiza v. Kinkisharyo Int'l, LLC*,
2020 WL 591328 (C.D. Cal. Oct. 6, 2020)……………………………..18

*Martinez v. J. Fletcher Creamer & Son, Inc.*,
2010 WL 3359372, at *3 (C.D. Cal. Aug. 13, 2010)………………..……17-18

*Matthews v. AMTRAK*,
2019 U.S. Dist. LEXIS 152466 at *17 (E.D. Cal. Sept. 5, 2019)…………….…..5

*Metro. Edison Co. v. N.L.R.B.*,
460 U.S. 693, 694 (1983)………………………………………………16

*Moore v. Aramark Unif. Servs., LLC*,
2018 U.S. Dist. LEXIS 18783, *11 (N.D. Cal. 2018)……………………………7

*Norcia v. Samsung Telecommunications Am., LLC*,
845 F.3d 1279, 1283 (9th Cir. 2017)………………………………………13

*Oil, Chem. & Atomic Workers Int'l Union*
*Local No. 4-23 v. American Petrofina Co.* 820 F.2d 747, 751 (5th Cir. 1987)…12

*Olea v. Teichart Pipelines, Inc.*,
2021 WL 1839683 (C.D. Cal. May 27, 2021)……………………………..19-20

*Peleg v. Neiman Marcus Group, Inc.*,
204 Cal.App.4th 1425, 1465 (2012)…………………………………………14-15

*Perez v. Maid Brigade, Inc.*,
Case No. 07-cv-3473-SI, 2007 WL 2990368, at *3 (N.D. Cal. Oct. 11, 2007)…13

*Placencia v. Amcor Packaging Distribution, Inc.*,
2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014)……………………….……9

*Pinnacle Museum Tower Assn v. Pinnacle Mkt. Dev. (US), LLC*,
55 Cal. 4th 223, 236 (2012)…………………………………………………13

*Powell v. Anheuser-Busch, Inc.*,
457 Fed. Appx. 679, 679 (9th Cir. 2011)……………………………………18

*Sales Group, Inc. v. Relm Wireless Corp.*,
2017 WL 11635871, at *2 (C.D. Cal. Aug. 4, 2017)…………………………10

*Sanchez v. Calportland Co.*,
2015 WL 6513640, at *5 (C.D. Cal. Oct. 26, 2015)……………………………..9

*Smith v. Serv. Emps. Int'l Union*
2016 WL 4268713, at *8 (N.D. Cal. Aug. 14, 2016)……………………………..18

*State Farm General Ins. Co. v. Watts Regulator Co.*,
17 Cal.App.5th 1093, 1100 (2017)……………………………………………….14

*U.S.A V. Quiroz*,
2020 U.S. Dist. LEXIS 232494, at *11 (S.D. Cal. 2020)…………………………7

*Valles v. Ivy Hill Corp.*,
410 F.3d 1071, 1076 (9th Cir. 2005)……………………………………………….4

*Vasserman v. Henry Mayo Newhall Mem. Hosp.*,
65 F. Supp. 3d 932, 954, 958, 964 (C.D. Cal. 2014)……………….....6-9,17, 19

*Ward v. Circus Casinos, Inc.*,
473 F.3d 994, 998 (9th Cir. 2007)………………………………………………….6

*Wilson-Davis v. SSP Am, Inc.*
62 Cal. App. 5th 1080 , 1091,1097 (2021)… ………………….………2, 17, 20-21

*Wilson-Davis v. SSP America, Inc.*
434 F. Supp. 3d 806, 808 814 (C.D. Cal. 2020)………………………………..6-7

*Wright v. Universal Mar. Serv. Corp.*,
525 U.S. 70, 79, 81 (1998)…………………………………………………16,18-19

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

# I.   INTRODUCTION

Defendant Anning-Johnson Company's ("Defendant") Motion to Dismiss ("Motion") should be denied because Plaintiff Arthur Gutierrez's ("Plaintiff") complaint alleges claims based on nonnegotiable labor rights pursuant to California state law. At the outset, the arbitration agreement set forth in Defendant's May 6, 2021 Amendment to its June 1, 2017 to June 30, 2020 Collective Bargaining Agreement ("CBA") is invalid and unenforceable for reasons explained *infra*. Further, even assuming *arguendo* that there is a valid and enforceable arbitration agreement, Plaintiff's claims arise *exclusively* under state law, are **not** preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), are **not** enforceable by the Federal Arbitration Act ("FAA"), and are **not** subject to the Grievance Procedure in Defendant's CBAs. Defendant's Motion is nothing more than an attempt to circumvent the burden courts place on employers to show that their arbitration agreements **clearly and unmistakably** encompass the disputes at issue. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). Here, Defendant's "Grievance Procedure" explicitly **only** covers disputes regarding "any differences that may arise regarding the meaning and enforcement" of Defendant's CBA. (Dkt. 18-2, Declaration Of Jim Maras In Support Of Defendant Anning-Johnson Company's Motion To Dismiss Or, In The Alternative, Compel Arbitration And Stay Proceedings ("Maras Decl."), Exhibit 1, July 1, 2014 to June 30, 2017 Master Labor Agreement (hereinafter, "CBA I"); *see also* Exhibit 2, July 1, 2017 to June 30, 2020 MLA (hereinafter, "CBA II".) Here, however, Plaintiff's complaint involves **only** violations that arise **exclusively** under California State law and does **not** necessitate the interpretation of Defendant's CBAs. Finally, the arbitration agreement Defendant relies upon in its Motion (Dkt. 18-2, Exhibit 8, May 6, 2021, retroactive to July 1, 2020) was **not** in effect during Plaintiff's employment.

Accordingly, and for all reasons articulated herein, Plaintiff respectfully requests the Court **deny** Defendant's Motion in its entirety. However, should the

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION

Court be inclined to grant any part of Defendant's Motion, Plaintiff requests the Court grant Plaintiff leave to amend the complaint. Plaintiff further requests that this Court deny Defendant's Motion to Compel Arbitration because Plaintiff's claims that arise from the **California Labor Code** are not arbitrable under the recent holding in *Wilson-Davis v. SSP Am, Inc.* 62 Cal. App. 5th 1080 (2021).

## II.    STATEMENT OF FACTS

Plaintiff has brought this Class Action on behalf of all individuals who are or previously were employed by Defendant in California and classified as non-exempt employees beginning June 15, 2017 and ending on a date as determined by the Court. Dkt. 1-1, Complaint at ¶ 4. Plaintiff was employed by Defendant in California as a non-exempt employee from 2011 to January of 2021. *Id*. at ¶ 3. Defendant contends that Defendant and the District Council of Iron Workers of the State of California and Vicinity and its affiliated local unions (the "Union") entered two CBAs, including one amendment thereto, that cover the Class Period and Plaintiff's claims. *See* Dkt. 18-1 at 2:10-13; Maras Decl., Exhibits 1, 2 and 8; Dkt. 18-3, Declaration of Greg McClelland In Support Of Defendant Anning-Johnson Company's Motion To Dismiss Or, In The Alternative, Compel Arbitration And Stay Proceedings ("McClelland Decl."), Exhibits 1, 2 and 8, respectively.

### A. <u>Collective Bargaining Agreement Effective July 1, 2014 to June 30, 2017 ("CBA I")</u>

Defendant and the Union entered a collective bargaining agreement effective July 1, 2014 through June 30, 2017 ("CBA I"). Maras Decl., Exhibit 1; McClelland Decl., Exhibit 1. A simple review of the table of contents unequivocally shows that **CBA I does <u>not</u> contain an arbitration agreement**. *Id.* Likewise, the contents of CBA I also **do not contain an arbitration agreement** that covers the claims alleged in Plaintiff's complaint.[1]

---

[1] CBA I contains purported arbitration provisions regarding disputes about "Welfare Plans" and "Strikes and Lockouts." (Maras Decl., Exhibit 1 at 41, 64; McClelland

**B.** **Collective Bargaining Agreement Effective July 1, 2017 to June 30, 2020 ("CBA II")**

Thereafter, the Parties entered into a subsequent collective bargaining agreement effective July 1, 2017 to June 30, 2020 ("CBA II"). Maras Decl., Exhibit 2; McClelland Decl., Exhibit 2. Akin to CBA I, CBA II also **does not contain an arbitration agreement**. *Id.*

**C.** **May 6, 2021 *Amendment* to July 1, 2017 to June 30, 2020 Collective Bargaining Agreement ("May 6, 2021 Amendment to CBA II")**

On May 6, 2021, *after* Plaintiff's April 7, 2021 notice to Defendant and the California Labor and Workforce Development Agency of his intention to pursue Labor Code violations against Defendant (Declaration of Jackland K. Hom, ¶ 2, Exhibit #1 ["Hom Decl."], filed concurrently herewith), Defendant amended CBA II. The Amendment to CBA II purportedly contains an arbitration agreement and various other terms which Defendant deems retroactive to July 1, 2020. Maras Decl., Exhibit 8; McClelland Decl., Exhibit 8. At the time the May 6, 2021 Amendment to CBA II became effective, **Plaintiff was no longer an employee of Defendant.**

**III.   ARGUMENT**

**A. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED**

**1.   Plaintiff's Claims Are Not Preempted By Section 301 Of The LMRA**

Prior to assessing the validity of the arbitration agreement Defendant purports is enforceable – which Plaintiff denies – a discussion regarding whether Plaintiff's causes of action **are even subject to the collective bargaining agreements and amendments thereto** is warranted.

In *some* cases, Section 301 of the Labor Management Relations Act ("LMRA") has such "preemptive force…as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax*

Decl., Exhibit 1 at 41, 64. However, there is **no language** in CBA I that purports to be an arbitration agreement regarding the claims alleged in Plaintiff's complaint.

*Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983) (quotation marks omitted). In *Burnside v. Kiewitt Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007), the Ninth Circuit detailed a two-step approach for determining whether state law causes of action are preempted by the LMRA.  First, the court determines "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a collective bargaining agreement." *Id*. at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id*. If the right exists independent of the CBA, the court turns to the second prong: whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Id*.  The two-step *Burnside* analysis merits further attention, as Defendant here cannot establish either prong of the *Burnside* Test for preemption to attach.

### a.  Plaintiff's Claims Are Predicated On Violations Of State Law

The "legal character" of Plaintiff's claims exists outside the CBA, as Plaintiff seeks to vindicate rights that exist in accordance with **state labor laws**, not "created by the CBA itself." *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1076 (9th Cir. 2005); *see also Espinal v. Nw. Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) ["where a plaintiff contends that an employer's actions violated a state-law obligation, wholly independent of its obligations under the CBA, there is no preemption."].)

Specifically, Plaintiff's claims in this matter are for Defendant's failure to pay minimum wages (California *Labor Code* § 1194, 1197, 1197.1.); failure to pay overtime wages (California *Labor Code* §§ 510 *et seq.*); failure to provide meal and rest periods (California *Labor Code* §§ 226.7 and 512); failure to provide accurate itemized wage statements (California *Labor* Code § 226); failure to provide wages when due (California *Labor Code* § 203); and failure to reimburse employers for required expenses (California *Labor Code* § 2802). Dkt. 1-1, Compl. at 1. Notably, nowhere in the Complaint does Plaintiff allege this action is being brought for violation of CBA terms, much less violation of the terms in CBA I, CBA II or May 6, 2021 Amendment to CBA II.

All of Plaintiff's claims arise out of the California Labor Code, not the CBAs, and seek to enforce non-negotiable statutory rights and protections that arise exclusively out of state law and exist independently of either CBA.  Plaintiff's claims are, therefore, "**not preempted because they invoke a state law right that applies to all workers, whether CBA-covered or not, and give rise to a state law dispute, not a dispute concerning the meaning of the CBA.**" *Matthews v. AMTRAK*, 2019 U.S. Dist. LEXIS 152466 at *17 (E.D. Cal. Sept. 5, 2019) [citing *Alaska Airlines, Inc. v. Schurke,* 898 F.3d 904, 927 (9th Cir 2018).].

Further, for the CBA to preempt Plaintiff's claims, the CBA must be the **"only source"** of the right the plaintiff seeks to vindicate. *Alaska Airlines, Inc. v. Schurke,* 898 F.3d 904, 921 (9th Cir 2018) [citing *Hawaiian Airline v. Norris,* 512 U.S. 246,258 (1994).]  Here, the CBA is not the only source for the rights asserted by Plaintiff.  At most, Plaintiff's claims merely refer to a CBA-defined right, run parallel to a CBA violation or at best, raise triable issues of fact of whether the CBA can be used as a defense – none of which is sufficient to establish preemption. *Id.,* (Claims "are not preempted under this first step, if they just refer to a CBA-defined right []; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense.").

**b. <u>Plaintiff's Claims Do Not Require an Interpretation of CBA I, CBA II, or May 6, 2021 Amendment to CBA II</u>**

Under the second prong, the Court must evaluate whether the claim can be resolved by "looking to" versus "interpreting" the CBA.  *Livadas v. Bradshaw*, 512 U.S. 107, 121 (1994). If the latter, the claim is preempted; if the former, it is not. *Burnside, supra*, 491 F.3d at 1060.  For purposes of preemption, the term "interpretation" must be "construed narrowly; 'it means something more than "consider," "refer to," or "apply".'" *Alaska Airlines, supra*, 898 F.3d at 922; see also *Flournoy v. Watts Healthcare Corp.* 2020 U.S. Dist. LEXIS 187356 at *10 (C.D. Cal. 2020) [Indeed, "'review[ing]' or 'analyz[ing]' a CBA is not the same as 'interpreting'

5

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION

1   its text, as interpretation implies discordance over the meaning of a term that requires

2   authoritative explication."]; *Andrade v. Rehrig Pac. Co.,* 2020 U.S. Dist. LEXIS

3   71005, *6 and *18 (C.D. Cal. 2020) [same].   Accordingly, "**claims are only**

4   **preempted to the extent there is an active dispute over 'the meaning of contract**

5   **terms**.'" *Alaska Airlines, supra*, 898 F.3d at 921; see also *Ward v. Circus Casinos,*

6   *Inc*., 473 F.3d 994, 998 (9th Cir. 2007).

7   Further, "[w]hen the meaning of contract terms is not the subject of dispute,

8   the bare fact that a collective-bargaining agreement will be consulted in the course of

9   state-law litigation plainly **does not require the claim to be extinguished**." *Livadas,*

10   *supra,* 512 U.S. at 124.   For example, although the rates of pay in a CBA might be

11   helpful in determining the damages in a state-law claim, that does not mean the claim

12   is preempted. See *Lingle v. Norge Div. of Magic Chef Inc*., 486 U.S. 399 at 413 n.12

13   (1988); *see also Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691-92 (9th Cir.

14   2001), cert. denied, 534 U.S. 1078 (2002) ["[A]lleging a hypothetical connection

15   between the claim and the terms of the CBA is not enough to preempt the claim:

16   adjudication of the claim must require interpretation of a provision of the CBA."].

17   "**In sum, Defendants fail to explain why the Court would have to interpret these**

18   **provisions rather than simply reference them to calculate the employees' regular**

19   **rate.**" *Wilson-Davis v. SSP America, Inc.* 434 F. Supp. 3d 806, 814 (C.D. Cal. 2020).

20   Here, Defendant has not shown why CBA I, CBA II, or the May 6, 2021

21   Amendment to CBA II will need to be "analyzed" or "interpreted" rather than simply

22   "referenced" – if at all – for any of Plaintiff's claims. Merely because a CBA provides

23   for overtime compensation, for example, does not mean that a court will need to

24   "interpret" the CBA to resolve a Plaintiff's overtime or break claims. See *Alaska*

25   *Airlines, supra,* 898 F.3d at 922; *Vasserman v. Henry Mayo Newhall Mem. Hosp*., 65

26   F. Supp. 3d 932, 958 (C.D. Cal. 2014)  ["…the bare fact that a collective bargaining

27   agreement will be consulted in the course of state-law litigation plainly does not

28   require the claim to be extinguished".]. At most, claims require a review of the CBA

1   *– not an interpretation of the CBA –* which does not give rise to preemption. *Moore*

2   *v. Aramark Unif. Servs., LLC,* 2018 U.S. Dist. LEXIS 18783, *11 (N.D. Cal. 2018).

3          Further, Plaintiff's Complaint clearly alleges that violations of state law and

4   makes no reference to a CBA. *See generally* Dkt. 1-1, Compl. The Complaint "does

5   not allege that the terms of the [CBA] violate state law or raise any dispute as to the

6   interpretation of the [CBA]**. Thus, resolution of these claims does not require**

7   **interpreting the [CBA], meaning the second Burnside factor is not satisfied**

8   **either**." *Quiroz*, 2020 U.S. Dist. LEXIS 232494, at *11 (S.D. Cal. 2020).  Here, as in

9   *Wilson-Davis*, "**the Court would not need to interpret the Parties' CBA to resolve**

10  **any of Plaintiff's state law claims. Thus, the Court does not have subject matter**

11  **jurisdiction to hear his class claims**." *Wilson-Davis, supra*, 434 F. Supp. 3d 806,

12  818 (C.D. Cal. 2020).  Merely because a CBA lists rates of pay does not mean that a

13  court will need to "interpret" the CBA to resolve a Plaintiff's overtime, minimum

14  wages or meal and rest break claims. See *Alaska Airlines, supra,* 898 F.3d at 922;

15  *Vasserman, supra,* 65 F. Supp. 3d at 958 ["…the bare fact that a collective bargaining

16  agreement will be consulted in the course of state-law litigation plainly does not

17  require the claim to be extinguished"].

18         In sum, Plaintiff's claims at issue in this litigation are not preempted by a CBA

19  because (1) Plaintiff's claims are predicated on California Labor Code and not a right

20  created solely by a CBA, and (2) resolution of Plaintiff's claims does not require an

21  interpretation of the CBA.

22         ***i.  Plaintiff's Overtime Claim Does Not Require Interpretation of***

23         ***CBA I, CBA II, or May 6, 2021 Amendment to CBA II***

24         Defendant's Motion makes the egregious claim that the purported arbitration

25  provision in the May 6, 2021 Amendment to CBA II "covers all of the claims asserted

26  by Plaintiff in this case." Dkt. 18-1 at 8:1-3. However, *even assuming* the May 6,

27  2021 Amendment to CBA II is properly retroactive – **which Plaintiff contends it is**

28  **not** – Defendant's blanket claim is meritless. Any interpretation of the CBA's

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION

overtime requirements would not necessitate preemption by Section 301 of the LMRA. As **this Central District** explained:

> [T]here is apparently no dispute over the CBA's meaning. Thus, to resolve [the plaintiff's] overtime claim the Court need only look to the terms of the CBA to determine if they comply with California law. The Court may also need to apply the CBA's terms to [plaintiff's] claim. However, **§ 301 does not preempt a state law claim merely because the Court must look at or apply a CBA's terms**. In sum, resolution of [plaintiff's] overtime claim requires interpreting state law and not the CBA… For the aforementioned reasons, LMRA § 301 does not preempt Macias's overtime claim.

*Macias v. Levy Premium Foodservices Ltd. P'ship*, 2015 WL 12747900, at \*5 (C.D. Cal. Feb. 12, 2015). Accordingly, where Defendant's CBA meets the standards set forth in section 514 of the California Labor Code is **not determinative** to Section 301 preemption. **Even if** the parties may need to refer to the CBA at some point to determine rates of pay purportedly governing Plaintiff's employment, the Court will not need to interpret the collectively bargaining agreement.

Numerous district courts have reached the conclusion that although an employee's rights may be calculated according to the terms of a collective bargaining agreement, the main issue is whether the rights conferred by the collective bargaining agreement comply with California law. For example, in *Vasserman v. Henry Mayo Newhall Memorial Hospital*, the plaintiff brought a putative class action against her former employer for many of the same wage and hour violations that Plaintiff has brought here. *Vasserman*, 65 F.Supp.3d at 954. Although *Vasserman* was ultimately decided based on a motion to remand, the Court's holding applies to the present motion to dismiss because the analysis remains the same. In *Vasserman*, the Court determined that reliance on a collective bargaining agreement for affirmative defenses against independent state law claims does not trigger section 301

preemption. "[A]lthough Vasserman's claim may ultimately fail, the court is unable to conclude that its resolution is substantially dependent on analysis of the CBAs when the supporting allegations focus only on state law. Indeed, Vasserman specifically and repeatedly pleads violations of state law, not a violation of the CBAs or right they provide." *Id.*; *see also Sanchez v. Calportland Co.*, 2015 WL 6513640, at \*5 (C.D. Cal. Oct. 26, 2015) ("Here, because the Court need not interpret the CBA to determine whether the statutory exemptions apply, plaintiff's claims for unpaid overtime and meal period premiums are not preempted under the second prong of the Ninth Circuit's test.").

### ii. *Plaintiff's Other Claims Do Not Require Interpretation of CBA I, CBA II, or May 6, 2021 Amendment to CBA II*

Defendant contends that all of Plaintiff's other claims are covered by Defendant's May 6, 2021 Amendment to CBA II. Dkt. 18-1 at 8:1-3. However, as articulated herein, **Defendant's claim is baseless**. Each of Plaintiff's causes of action relies on California state law. Even if the parties may need to simply *refer* to collective bargaining agreements at some point in order to determine policies governing Plaintiff and the putative class members' employment, the Court will certainly not be called to *interpret* the collective bargaining agreements. Importantly, "the term 'interpret' in this context is construed narrowly – it means something more than 'consider,' 'refer to,' 'look to,' or 'apply.'" *Placencia v. Amcor Packaging Distribution, Inc.*, 2014 WL 2445957, at \*2 (C.D. Cal. May 12, 2014); *see also Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016).

Importantly, here, Defendant's Motion fails to show how any of the purported terms or provisions of the CBAs would require meaningful interpretation in order to adjudicate any of Plaintiff's claims. Defendant's attempt to compel Plaintiff's claims to arbitration on the basis that Plaintiff's claims arise from the CBA **is erroneous**. Consequently, **there are no arbitrable claims because Plaintiff's claims do not arise from a CBA**.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION

**B. DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS SHOULD BE DENIED**

Even if the Court finds Plaintiff's claims arise from CBA II and May 6, 2021 Amendment to CBA II – **which Plaintiff denies** – the purported arbitration agreement is **wholly inapplicable** to Plaintiff.

**1. Defendant's Purported Arbitration Agreement is Unenforceable Pursuant to the Federal Arbitration Act**

Defendant's claim that the purported arbitration agreement is enforceable pursuant to the Federal Arbitration Act ("FAA") could not be more erroneous. The FAA provides:

> [A] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2. However, the Court's initial inquiry in a motion to compel arbitration is limited to determining "(1) **whether a valid agreement to arbitrate exists**, and if it does, (2) **whether the agreement encompasses the dispute at issue**." *Sales Group, Inc. v. Relm Wireless Corp.*, 2017 WL 11635871, at *2 (C.D. Cal. Aug. 4, 2017); quoting *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). **Only if both of these conditions are met**, "the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp.*, 207 F.3d at 1130. For reasons articulated *infra*, Defendant has failed to satisfy its burden to show that either of the foregoing conditions are met.

Here, the May 6, 2021 Amendment to CBA II went into effect on May 6, 2021. (Maras Decl., ¶ 7 and Exhibit 8, Paragraph 8; McClelland Decl., ¶ 6 and Exhibit 8, Paragraph 8.) By May 6, 2021, Plaintiff's employment with Defendant had been

ceased for almost *eight months*. Dkt. 18-1 at 2:16.[2] CBA II, in pertinent part, states as follows:

**SECTION 1. Purpose of Agreement**

A – This Agreement is entered into by collective bargaining between the Employers and the Union to prevent strikes and lockouts and to facilitate peaceful adjustment of grievances and disputes between the Employers and the **workmen** in this trade and to prevent waste, unnecessary and avoidable delays and expenses; for the purpose, at all times, of securing for the Employers sufficient skilled **workmen** and, so far as possible, to provide for labor's continuous employment, such **employment** to be in accordance with the conditions herein set forth and at wages herein agreed upon, also that stable conditions may prevail in the building industry and building costs may be as low as possible, consistent with fair wages and by which these ends may be accomplished.

**SECTION 4. Union Security**

A - Every person performing work covered by this Agreement who is a member of the Union **and in the employment of an individual employer on work covered by this Agreement on the effective date** of this Subsection A shall, **as a condition of employment, or continued employment**, remain a member in good standing of the Union in the appropriate Local Union of the Union. Every other person covered by this Agreement **and employed to perform work covered by this Agreement** shall be required, as a condition of employment, to apply for and become a member of and to maintain membership in good standing in the Union in the appropriate Local Union of the Union which has territorial jurisdiction of the area in which such person is performing work on or after the expiration of eight (8) continuous or accumulative days of employment on such work with any individual employer following the beginning of such employment, or the effective date of this Subsection A, whichever is later. Membership in any Local Union shall be available to any such person on the same terms and conditions generally applicable to other applicants for membership.

---

[2] Plaintiff's Complaint states Plaintiff was employed by Defendant from 2011 to January of 2021 (Dkt. 1-1, Compl. at ¶ 3), whereas Defendant's Motion claims Plaintiff was employed until September 25, 2020. Notwithstanding the discrepancy, it could not be clearer that at the time the May 6, 2021 Amendment to CBA II went into effect, Plaintiff was no longer employed by Defendant.

(Maras Decl., ¶ 5, Exhibit 2, Sections 1 & 4; McClelland Decl., ¶ 4, Exhibit 2, Sections 1 & 4 (emphasis added).) Clearly, Defendant intended CBA II to apply **only to employees**. When the May 6, 2021 Amendment to CBA II became effective, Plaintiff was no longer a "workman," "in the employment of" Defendant, or "performed work" for Defendant. Therefore, even if the Union intended to retroactively apply the arbitration agreement to prior disputes, the Union cannot be said to have represented Plaintiff on May 6, 2021. As defined by CBA II, Defendant only recognized the Union as representatives of those currently employed by Defendant. *Id*. The fact that Plaintiff was no longer an employee means that the Union no longer represented Plaintiff and therefore, even if the arbitration agreement applies retroactively – which Plaintiff denies – the Union could not legally bind Plaintiff, **a former employee** of Defendant, to CBA II or the May 6, 2021 Amendment thereto.

The Fifth Circuit in in *Oil, Chem. & Atomic Workers Int'l Union Local No. 4-23 v. American Petrofina Co.* 820 F.2d 747, 751 (5th Cir. 1987) established the importance of an employee's status of employment for purposes of determining if a new CBA applied to his disputes. There, the Court of Appeals ruled that:

> The actual issue in the grievance and before the arbitrator is **whether in law Hildabridle was still an employee at the time the new contract was signed**. If so, the failure to reinstate him was a discharge under the new contract, and Hildabridle was entitled to claim the "just cause" provisions for discharge, as of that time.

Additionally, as recent as **September 25, 2021**, the Ninth Circuit in *Chamber of Commerce of United States v. Bonta*, 2021 WL 4187860 (9th Cir. 2021) opined, "[T]he FAA does not require parties to arbitrate **when they have not agreed to do so.**" *Chamber of Commerce*, 2021 WL 4187860 at *2 (emphasis added). Further, the Court made clear that "arbitration is a matter of contract and agreements to arbitrate **must be voluntary and consensual**." *Id*.

Here, Defendant cannot establish that Plaintiff was an employee to be bound by the May 6, 2021 Amendment to CBA II, which was signed on May 6, 2021 – nearly *eight months after* Plaintiff's employment ended. Even more, Defendant has

failed to satisfy its burden to show Plaintiff consented to the arbitration agreement contained in the May 6, 2021 Amendment to CBA II. Indeed, Defendant has failed to provide any evidence that the May 6, 2021 Amendment to CBA II was even provided to Plaintiff such that his consent thereto was warranted. Accordingly, Defendant's argument that Plaintiff should be compelled to arbitration because an amendment to CBA II became effective after his employment was terminated is without merit.

> **2. The Language Of Defendant's May 6, 2021 Amendment To CBA II Does Not Apply Retroactively**

In determining whether a valid contract to arbitrate exists, the Court must "apply ordinary state law principles that govern the formation of contracts to decide whether an agreement to arbitrate exists." *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting *First Options of Chi, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Under California law, the petitioner bears the burden of proving the existence of an arbitration agreement by the preponderance of the evidence." (*Perez v. Maid Brigade, Inc.*, Case No. 07-cv-3473-SI, 2007 WL 2990368, at *3 (N.D. Cal. Oct. 11, 2007), "and the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Pinnacle Museum Tower Assn v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012). "A contract to arbitrate will not be inferred absent a 'clear agreement.'" *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014) (quoting *Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal. App. 4th 50, 59 (2013). Accordingly, California law governs the following discussion regarding Defendant's unilateral amendment to CBA II to include an arbitration agreement.

This exact issue was addressed in *Avery*. There, the California Court of Appeal affirmed a trial court's refusal to compel individual arbitration of class claims based on an arbitration agreement that was part of an updated employee handbook disseminated to employees after initiation of a class action against the defendant.

*Avery*, 218 Cal. App. 4th at 55-56, 72. The updated agreement "added a provision waiving the employee's right to join his or her claims with other employees' claims or bring a class or representative action against [the defendant]." *Id.* at 57-58. The Court reasoned that "an employer may not make unilateral changes to an arbitration agreement that apply retroactively to 'accrued or known' claims because doing so would unreasonably interfere with the employee's expectations regarding how the agreement applied to those claims." *Id*. at 61; *see also State Farm General Ins. Co. v. Watts Regulator Co.*, 17 Cal.App.5th 1093, 1100 (2017) [same].) Importantly, "the implied covenant [of good faith and fair dealing] prevents [the defendant] from applying the Alternative Dispute Resolution Process to all claims that accrued before [the defendant] issued the new handbook. The critical point in time is when the claims accrued, not when the employee filed his or her judicial complaint." *Id.* at 62, citing *Peleg v. Neiman Marcus Group, Inc.*, 204 Cal.App.4th 1425, 1465 (2012).

The issue of retroactive application of amended arbitration agreements was also addressed in *Cobb v. Ironwood Country Club*, 233 Cal.App.4th 960 (2015). There, a country club sought to enforce against current and former members an arbitration agreement that was incorporated into the club's bylaws two months after the plaintiffs filed their complaint. *Id*. at 964. The club argued that the agreement was not retroactive because the alleged claim for declaratory relief presented an "ongoing dispute" concerning the parties' rights. *Id.* at 967. The court found this argument "specious," stating: "Until a lawsuit is resolved by settlement or judgment, or becomes moot, it necessarily reflects an ongoing dispute. Application of the arbitration bylaw to this case would qualify as retroactive because it would affect plaintiffs' already accrued legal claims, as well as their already accrued rights to seek redress for those claims in court." *Id.* Simply put, **a defendant cannot enforce an arbitration agreement against already pending claims absent an express *agreement* as to retroactivity**. *Id.* at pp. 967-68.

Here, it is not enough to simply amend CBA II. Rather, it is Defendant's burden to prove Plaintiff assented to the May 6,2021 Amendment to CBA II. There is "no authority for enforcing a unilaterally imposed retroactive arbitration agreement on a party who has not expressly consented to that retroactive application. *Cobb*, 233 Cal. App. 4th at 968. Here, the undisputed facts establish that the Union unilaterally modified its CBA II by including an arbitration agreement during the pendency of this proceeding, e.g., *after* Plaintiff notified Defendant and the LWDA of his intent to pursue California Labor Code violations against Defendant. (Hom Decl., ¶2, Exhibit #1.) Further, Defendant's Motion fails to put forth a shred of evidence that the May 6, 2021 Amendment to CBA II was provided to Plaintiff or that Plaintiff otherwise assented to the May 6, 2021 Amendment to CBA II. Moreover, Defendant's reliance on *Franco v. Greystone Ridge Condominium*, 39 Cal. App. 5th 221 is wholly inapplicable. In *Franco*, the plaintiff explicitly "**agreed** to submit to final and binding arbitration" any and all claims relating to the plaintiff's employment with the defendant. *Franco*, 39 Cal. App. 5th at 229. **Here**, Defendant failed to establish that Plaintiff made **any agreement** to arbitrate his claims. Indeed, any understanding to the contrary would be illogical, given that Plaintiff's employment with Defendant **ended almost eight months before** Defendant's May 6, 2021 Amendment to CBA II became effective. Therefore, just as in *Avery*, *Cobb*, and *Peleg*, *supra*, this Court should conclude that the May 6, 2021 Amendment to CBA II shall have no retroactive effect.

### 3. Defendant's May 6, 2021 Amendment to CBA II Does Not "Clearly and Unmistakably" Waive Plaintiff's Right to Bring California State Law Claims in a Judicial Forum

*Even if* this Court holds that the arbitration agreement in Defendant's May 6, 2021 Amendment to CBA II applies retroactively, the arbitration agreement does not "clearly and unmistakably" waive Plaintiff's statutory rights under California state law. The United States Supreme Court has found that CBA provisions requiring

arbitration must be particularly clear. *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79 (1998). Further, any collective bargaining agreement that includes a statutory right to bring claims in a judicial forum must be "clear and unmistakable." *Id*. at 81; *see also Metro. Edison Co. v. N.L.R.B.*, 460 U.S. 693, 694 (1983). In *Wright*, the Court determined the Court determined that statutory claims are "not subject to a presumption of arbitrability" and the Supreme Court vacated a lower court's decision to uphold an order compelling arbitration because the arbitration provision was "too general," and there was no clear and unmistakable waiver from bringing statutory claims in judicial forums. *Id*. at 80.

Here, Defendant contends that CBA II's "grievance procedure fulfills the arbitration requirement" contemplated by the May 6, 2021 Amendment to CBA II's arbitration provision. Dkt. 18-1 at Section II(3). Subsequently, Defendant's Motion exorbitantly explains the grievance procedure. Dkt. 18-1 at 15:17-28, 16:1-5. However, Defendant's provision of details is superfluous and a red herring **at best.** Importantly, the grievance procedure in CBA II only provides the board of adjustment to resolve grievances "regarding the meaning and enforcement of [the CBA]." (Maras Decl., ¶ 5, Exhibit 2, Section 28; McClelland Decl., ¶ 4, Exhibit 2, Section 28.)

Further, the May 6, 2021 Amendment to CBA II contains an overbroad, generalized blanket arbitration provision:

> ***All claims or disputes*** involving alleged violations of the Industrial Welfare Commission Wage Order 16, the California Labor Code, and the Fair Labor Standards Act, and all derivative claims under Cal. Business & Professions Code section 17200, et. seq., as well as for associated penalties, not otherwise covered by the this Agreement, shall be subject to final and binding arbitration pursuant to Section 28 of this Agreement.

(Maras Decl., ¶ 7 and Exhibit 8, Paragraph 8; McClelland Decl., ¶ 6 and Exhibit 8, Paragraph 8 (emphasis added).) However, such overreaching arbitration provisions

have been squarely rejected. In *Wilson-Davis*, the Court of Appeal declined to compel arbitration and held that "while the collective bargaining agreement covers some of the matters also addressed in the Labor Code, **it does not simply incorporate the Labor Code's provisions**." *Wilson-Davis v. SSP America, Inc.*, 62 Cal. App. 5th 1080, 1097 (2021). Defendant's Motion does not contend that Plaintiff's specific causes of action are delineated in the May 6, 2021 Amendment to CBA II as *Wilson-Davis* mandates. *Id*. at 1096.

Like the employer in *Wilson-Davis*, **Defendant here cannot point to anything in the CBA which "specifically incorporates any of the statutory provisions on which plaintiff's causes of action are based."** *Id*. CBA II does not address or delineate *Bus. & Prof. Code* §§ 17200 *et seq.*; *Labor Code*: §§ 1194, 1197 & 1197.1 (failure to pay minimum wages); § 510, *et seq.* (failure to pay overtime wages); §§ 226.7 & 512 (failure to provide required meal and rest periods); §§ 226 & 226.2 (failure to provide accurate itemized wage statements); § 2802 (failure to reimburse employees for required expenses); and §§ 201, 202 & 203 (failure to provide wages when due). Thus, neither CBA II or May 6, 2021 Amendment to CBA II can be read to constitute clear and unmistakable waiver of a judicial forum for alleged violations of statutory rights. *Id*. at 1096; *see Choate v. Celite Corp*., 215 Cal. App. 4th 1460, 1467 (2013) ["**discussing a topic while at the same time saying nothing about the statutory right at issue does not affect a clear and unmistakable waiver of that right**"].

Further, when a grievance and arbitration procedure in a collective bargaining does not **"directly reference the statutes at issue,"** courts have concluded that "the agreement does not contain a 'clear and unmistakable waiver' of an employee's right to a judicial forum." *Vasserman*, 65 F. Supp. 3d at 964. In *Martinez*, this Central District held that "a collective bargaining agreement that does not mention any of the statutes at issue" does not "constitute a 'clear and unmistakable waiver' of an employee's right to sue in a judicial forum under those statutes." *Martinez v. J.*

*Fletcher Creamer & Son, Inc.*, 2010 WL 3359372, at *3 (C.D. Cal. Aug. 13, 2010). The *Martinez* court specifically found that because "the CBA did not clearly and unmistakably waive [plaintiff's] right to sue under…Cal. Lab. Code §§ 1197, 512, 226.7, 204, 226(a), 201 202, and Cal. Bus. & Prof. Code § 17200" **there was no arbitration agreement or grievance requirement for such statutory claims**. *Id*. Moreover, in *Wright*, the Supreme Court found that the mere mentioning in a collective bargaining agreement that it **"cover[s] all matters affecting wages, hours, and other terms and conditions of employment"** was **not enough** to constitute a "clear and mistakable" waiver of federal employment laws. *Wright*, 525 U.S. at 81; *see also Powell v. Anheuser-Busch, Inc.*, 457 Fed. Appx. 679, 679 (9th Cir. 2011) (interpreting *Wright* to find that "a CBA [cannot] waive an individual employee's right to litigate statutory discrimination claims unless the CBA waiver 'explicit[ly] incorporate[es]…statutory antidiscrimination requirements'"); Further, in *Smith v. Serv. Employees Int'l Union, Local 521*, the Court followed the decisions in *Wright* and *Powell* in finding that a blanket waiver is not clear and unmistakable where language in waiver states an employer will "comply with all applicable federal, state and local laws and regulations, including but not limited to provisions of the California Labor Code, Industrial Welfare Commission's Orders and Fair Labor Standards Act. *Smith*, 2016 WL 4268713, at *8 (N.D. Cal. Aug. 14, 2016). The Court held employees who "agree[d] to resolve any wage and hour claims … arising from … these other federal, state and local laws through the grievance and arbitration procedure" similarly fails the "clear and unmistakable" standard. *Id*. at *9.

Indeed, in *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 591328 (C.D. Cal. Oct. 6, 2020), **this Court** has held similarly under an indistinguishable set of facts. The Court reasoned, "[a]n employee seeking to understand whether a meal and rest period violation or overtime violation under state law is to be arbitrated is presented with two articles that are not in complete harmony." *Id*. at *19 [holding that one article referring to "claims arising under statutes or state or federal law without identifying

particular statutes" and another defining " 'grievance' without mentioning state or federal law, but only 'a dispute' … 'regarding the interpretation of any express provision' of the CBA'" **is not a clear and unmistakable waiver of state and federal statutory rights**."]

Here, CBA II and the May 6, 2021 Amendment to CBA II, as provided verbatim above, merely states that "***All claims or disputes***" involving, *inter alia*, the California Labor Code and derivative claims under Cal. Business & Professions Code section 17200, are subject to arbitration. (Maras Decl., ¶ 7 and Exhibit 8, Paragraph 8; McClelland Decl., ¶ 6 and Exhibit 8, Paragraph 8 (emphasis added).) However, Defendant fails to indicate **exactly which statutory rights**, if any, are waived pursuant to the May 6, 2021 Amendment to CBA II, and fails to specify any specific statutes. Further, the purported arbitration provision then directs all subject claims to the procedures pursuant to Section 28 of CBA II. (*Id*.) Tellingly, Section 28 of CBA II **equally and unequivocally fails to specify** which statutory rights are being waived because **Section 28 itself does not contain an arbitration provision**. (Maras Decl., ¶ 5, Exhibit 2, Section 28; McClelland Decl., ¶ 4, Exhibit 2, Section 28.) Rather – as it cannot be overstated – Section 28 only gives rise to a grievance procedure when "differences…arise regarding the meaning and enforcement" of CBA II. *Id*. Further, *even if* the Court finds that the language in CBA II or May 6, 2021 Amendment to CBA II have a broader implications outside of the explicit language contained therein – **which Plaintiff vehemently disputes** – such language is grossly too general and vague to constitute a "clear and unmistakable" waiver of statutory rights. *Wright*, 525 U.S. at 81; *Martinez*, 2010 WL 3359372 at *3-5; *Vasserman*, 65 F. Supp. 3d at 964; *Smith*, 2016 WL 4268713 at *8-9; *Powell*, 457 Fed. Appx. At 679.

Moreover, Defendant's reliance on *Olea v. Teichart Pipelines, Inc.*, 2021 WL 1839683 (C.D. Cal. May 27, 2021) inappropriately presents the Court with cherry-picked facts from this Central District's inapplicable decision. Although Defendant's Motion provides the Court with an unwavering explanation regarding *Olea's*

purported resemblance to this action, Defendant's understanding completely misses one key point. The *Olea* plaintiff was employed by the defendant from March 2019 through July 18, 2019. *Olea*, 2021 WL 1839683 at *1. The CBAs and arbitration agreements at issue were effective from 2015 to June 30, 2018 and July 1, 2018 – 2022. *Id*. at *2. The plaintiff claimed that due to a two-month gap between the expiration of the first CBA and the second rendered both CBAs in valid. *Id*. The Court held otherwise. However, a further exploration of the Court's reasoning in *Olea* is unwarranted, as *Olea* is factually distinguishable because the plaintiff was employed **before, during, and after** the applicable CBAs. **To the contrary, here,** Plaintiff's employment with Defendant ended almost **eight months** prior to the May 6, 2021 Amendment to CBA II. As such, Defendant's reliance on *Olea* is factually distinguishable and certainly does not arise to a "striking resemblance" (Dkt. 18-1 at 9:22-23) much less **any resemblance** whatsoever.

Accordingly, CBA II and the May 6, 2021 Amendment to CBA II fail to include **explicit, clear and unmistakable** waivers of statutory rights. Defendant's claim that **general blanket** provisions of the law – e.g., "California Labor Code" and "derivative claims under Cal. Business & Professions Code section 17200" – satisfy the "clear and unmistakable" requirement must fail. Plaintiff seeks to vindicate the **California Labor Code** violations on behalf of himself and putative class members and seeks only to enforce statutory rights under **California state law**. For the foregoing reasons, Defendant's petition to compel arbitration and stay proceedings must be denied.

**4. <u>No Requirement to Exhaust the Grievance Procedure Applies to Plaintiff's Claims</u>**

In *Wilson-Davis*, the Court of Appeal stated that a CBA must "clearly and unmistakably" delegate the threshold issue of arbitrability to an arbitrator. *Wilson-Davis*, 62 Cal. App. 5th at 1091. In arriving at its holding denying to compel arbitration, the California Court of Appeal highlighted that "The CBA makes clear

that its grievance and arbitration procedures apply only to claims that involve 'interpretation, application or enforcement of th[e] [CBA].'" *Id*. at 1085.

Defendant proffers CBA II's grievance procedure, which suffers from precisely the same shortcoming the California Court of Appeal found in *Wilson-Davis*. Specifically, the grievance procedure in CBA II **only applies** to "differences that may arise regarding the meaning and enforcement of this [CBA]." (Maras Decl., ¶ 5, Exhibit 2, Section 28; McClelland Decl., ¶ 4, Exhibit 2, Section 28.) Plaintiff's claims are predicated on violations of California state law and therefore do not require a grievance procedure to address "the meaning and enforcement" of CBA II. Importantly, Plaintiff's complaint makes no mention of a dispute regarding any of the terms regarding any collective bargaining agreement. Therefore, because CBA II does not contain any language demonstrating a " 'clear and unmistakable' waiver of the right to litigate grievances in a judicial forum," Defendant's Motion must be denied under this theory. *Wilson-Davis*, 62 Cal. App. 5th at 268.

## IV.   **CONCLUSION**

Based on the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety. In the alternative, should the Court grant any request contained in Defendant's Motion, Plaintiff respectfully requests leave to amend the Complaint.

Dated: October 12, 2021

**ZAKAY LAW GROUP, APLC**
By: */s/ Jackland K. Hom*
Jackland K. Hom, Esq.

Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION